ELIZABETH D. VAIL, RESPONDENT, *v.* WILLIAM M. REYNOLDS, APPELLANT

*Error in the charge of the court as to the measure of damages—an exception thereto will not be sustained, when the charge was based upon a fact the existence of which was assumed by the court and both parties upon the trial.*

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for fraud and deceit alleged to have been practiced upon the plaintiff by the defendants, William M. Reynolds and Robert M. Reynolds, in the sale to her of a quantity of the stock of the Cisco Consolidated Gold Mining Company. The jury rendered a verdict against the defendant William M. Reynolds, the appellant, but not against the defendant Robert M. Reynolds.

The court, at General Term, after reviewing the evidence and holding that it was sufficient to sustain the verdict, and after overruling certain exceptions to the charge, said : " The most serious objection, however, to the regularity of the trial is the alleged error of the judge in stating to the jury the measure of damages. In this case, the action being for the deceit on the sale of property, the measure of damages is the difference between the value of the stock, as represented and as determined by the value of the mines of the company, and the actual value of the stock, as it really is, and as it is influenced by the actual condition of the mines. The learned judge, however, instructed the jury that the plaintiff was entitled to recover, if they found that the deceit had been established, the amount of money which she had paid out for the stock in question, namely, a balance of eighteen thousand dollars, to which they had the power to add interest.

" The exception to this portion of the charge is as follows : 'I also except to your instruction that if the plaintiff is entitled to recover, she is entitled to recover damages, the amount paid by her on the purchase of the stock, whether that purchase be intended to include or exclude interest ; in either case I except.' For this error we should feel constrained to grant a new trial, except for the fact that the learned trial judge had a right to proceed, as he actually did, upon the hypothesis that the stock held by the plaintiff was worthless. For if, throughout, the trial was conducted on that assumption, in the absence of any special request to charge a different rule, we do not think it is such an error as would require the resubmission of the case to another jury. The testimony of John Cummings is that the stock had no value in 1880, so far as he knew, in a public way. He says there were private sales made on personal assurances, but there was no general value in the market at all so far as he knew. The witness, Franklin Allen, says that the prices were variable and various. " What was the actual value of the stock ? I do not think it was worth anything.' At the close of the plaintiff's case the counsel for the appellant said, evidently addressing the counsel for the plaintiff : 'What do you claim ?' The counsel for the plaintiff responded : 'We claim twenty thousand five hundred dollars principal, with interest on eighteen thousand five hundred dollars from April 4, 1880 ;

on three thousand dollars from April 22, 1880; on one thousand dollars from January 12, 1882, and on five hundred dollars from April 10, 1882, from which should be deducted the interest on two thousand five hundred dollars from August 4, 1880.' No dissent was made to this proposition of the counsel for the plaintiff, and it was based upon the testimony already quoted. No request was made to the court to charge the jury a different rule, and therefore, as it seems to us, the trial judge had a right to assume and to act upon that assumption, that the stock held by the plaintiff and which she brought into court and offered to give to the defendant, was worthless, and that no allowance should be made therefor. Doubtless if his attention had been called to the question, by way of a request to charge, the true rule, which is elementary, would have been stated to the jury, but we think that it is not permissible for a party to avail himself of an exception taken in this manner, when the circumstances under which the charge was made exhibit a case where on all sides, both of the court and respective counsel, a fact was necessarily assumed to exist of such serious import as to justify the charge, though technically with the attention of the court called distinctly to the subject-matter, the charge would be so erroneous as to require the reversal of the judgment. We are referred, among other cases that are familiar to the profession, to a decision made by this court in January, 1883, in the case of *Masterton* v. *Boyce*, a manuscript opinion in which has been furnished us In that case the true rule of damages was stated by the court to the jury, but the trouble was that the jury did not follow the instructions of the court, and rendered a verdict for the plaintiff for the full sum which had been paid out for the stock. To the favor, and not for legal error, this court granted a new trial. It was shown in that case that the stock was simply diminished in value by reason of the fact that the amount of big vein coal was not so much as it had been reported to be, and that for that reason the value of the mine was materially reduced. And it was further shown that the stock was actually of considerable value. The court said : ' It is evident, from the manner in which the case was submitted to the jury, that the shares were not considered worthless by the learned judge presiding at the trial, for substantially the only view in which the subject of damages was presented

was that which authorized the jury to return the difference between the value of the stock and what it would have been if the property had conformed to the representations made concerning it. That they could render a verdict for the entire purchase-price, still leaving the plaintiff the owner of the stock, did not appear to receive the sanction of the court. Certainly, under the evidence, the jury was not justified in adopting that view. It was directly in conflict with the effect of the proof which had been taken.'

There is a wide difference, therefore, between the facts of the two cases, and the one cannot be said, in any legal sense, to be a guide for the decision in the other.

"It follows, from these considerations, that the judgment should be affirmed, with costs."

*Luther R. Marsh*, for the appellant.

*W. W. Goodrich*, for the respondent.

Opinion by MACOMBER, J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.